James Earl **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42098.

Court of Criminal Appeals of Texas.

May 21, 1969.

W. John Allison, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 9 years.

The indictment alleged that appellant and Margaret Bufford acting together burglarized a house belonging to Eddie Washington with intent to commit theft.

The sole ground of error complains that the evidence is insufficient to sustain the conviction.

The court charged on circumstantial evidence and the law of principals, and submitted the defense of alibi.

The state's evidence reflects the following:

Eddie Washington was the manager of the Fairbanks Apartments, in East Dallas.

About daybreak on August 7, 1967, Richard Rhoades, who occupied Apartment No. 121, saw a man going into a window of an apartment from which the screen had been removed. He did not see the man's face but testified that the man was wearing what appeared to be the same blue clothes the defendant was wearing at the trial.

Awakened by Rhoades, Eddie Washington proceeded to Apartment No. 101 and noticed that the door was open and the screen was off the window. As he arrived at the door he saw Margaret Bufford standing inside the apartment with her hand on the window air conditioner. Asked what they were doing, she replied: "We are fixing to clean the apartment up, someone is coming to rent it and they don't need an air conditioner and we are going to take it out."

The apartment had been vacated the day before and Washington had fastened the windows and locked the door. When he got to the apartment the next morning he found that the molding around the air conditioner had been pulled apart; the window screen was torn out, and Margaret Bufford was in the apartment. Appellant walked up and was standing on the patio listening when Washington, in reply to Margaret Bufford's statement, said: "Go ahead on," and went to another apartment and called the police.

Washington returned to Apartment No. 101 in three or four minutes. The door was still open and the air conditioner was still in the window but appellant and Margaret Bufford were gone.

A few minutes later police officers who received the dispatch found appellant walk-

ing about four blocks from the apartment. Margaret Bufford was behind him and was running.

Appellant did not testify. His co-defendant Margaret Bufford furnished the testimony upon which the court charged on alibi. She denied being in the apartment or at the scene of the crime prior to being brought there with appellant following their arrest, and testified that they were at a party and were returning home when the officers arrested them.

We find the evidence sufficient to sustain the jury's verdict finding appellant guilty of the burglary.

At the hearing on punishment, proof of two prior convictions of appellant for burglary was introduced.

The judgment is affirmed.